IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYMOND ORRAND, Administrator,**
*et al.*,

        **Plaintiffs,**

  vs.                                        Civil Action 2:13-CV-1121
                                                  Judge Graham
                                                  Magistrate Judge King

**DEER CREEK EXCAVATING, LLC,**

        **Defendant.**

<u>**REPORT AND RECOMMENDATION**</u>

    Plaintiffs, acting on behalf of certain employee benefits plans, seek injunctive and monetary relief in connection with defendant's alleged failure to make required reports and contributions to the plans. Plaintiffs assert claims under 29 U.S.C. § 185 and 29 U.S.C. § 1132 as required by a collective bargaining agreement and ERISA.  Defendant, a corporate entity, was previously warned that it can proceed in this action only through counsel. *Order*, ECF 17; *Order*, ECF 18. Defendant's original counsel was granted leave to withdraw, *Order,* ECF 18, and no successor counsel has entered an appearance on behalf of defendant.  This matter is now before the Court on *Plaintiffs' Motion for Summary Judgment*, ECF 20 ("*Motion for Summary Judgment*"). There has been no response to the *Motion for Summary Judgment*.

    The plaintiff trustees bring this action on behalf of the Ohio Operating Engineers Health and Welfare, Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship and Training Fund and the Ohio Operating Engineers Safety & Education Fund, a collection of

trust funds ("the Funds"). *Complaint*, ECF 1, ¶¶ 2-3, 10-11, 15-16, 20-21; *Plaintiff Raymond Orrand's Affidavit in Support of Motion for Summary Judgment*, ¶ 1, attached as *Exhibit A* to the *Motion for Summary Judgment* ("*Orrand Affidavit*").[1] Deer Creek is an employer and corporation with its principal place of business in Bellville, Ohio. *Complaint*, ¶¶ 4-6. Plaintiffs seek recovery of unpaid contributions, liquidated damages, interest, attorney's fees, court costs and injunctive relief. *Id*. at pp. 11-13; *Motion for Summary Judgment*, pp. 8-9.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Under ERISA, an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The record reflects the following uncontroverted facts. Deer Creek executed collective bargaining agreements requiring it to make timely contributions to the Funds. *Orrand Affidavit*, ¶ 2; *Affidavit of Douglas Baker*, ¶ 8, attached as *Exhibit C* to the *Motion for Summary Judgment* ("*Baker Affidavit*");[2] *Exhibit A*, attached to the *Complaint*. Deer Creek

---

1 Raymond Orrand is the Administrator of the Funds. *Id*.
2 Douglas Baker is the field auditor for the Ohio Operating Engineers Fringe Benefit Programs. *Id*. at ¶ 2.

2

failed to make timely contributions to the Funds for the period November 1, 2012 through December 31, 2012 and for the period January 1, 2013 through April 30, 2013.  *Orrand Affidavit*, ¶ 6; *Baker Affidavit*, ¶¶ 11-13.  Unpaid contributions for these periods total $15,342.10.  *Id.*; *Exhibit 1*, attached to *Baker Affidavit*.

When an employer fails to make contributions under 29 U.S.C. § 1145, ERISA requires that a court award the employee benefit plan the following relief:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>    (i) interest on the unpaid contributions, or
>    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under [26 U.S.C. § 6621].

29 U.S.C. § 1132(g)(2).  Subsection (C) therefore "'contemplates a remedial award in the form of either liquidated damages or a second assessment of interest on the unpaid contributions (the so-called 'double-interest penalty').'"  *Trs. of the Flint Area Sheet Metal Workers Health & Welfare Fund v. C3 Mech., Inc.*, 450 F. Supp. 2d 762, 763 (E.D. Mich. 2006) (quoting *Laborers' Pension Trust Fund-Detroit and Vicinity v. Family Cement Co.*, 677 F. Supp. 896, 899 (E.D. Mich. 1987)).  *See also Iron Workers' Local No. 25 Pension Fund v. MCS Gen'l Contractors, Inc.*, Nos.

3

98-2107, 99-2262, 2000 U.S. App. LEXIS 22688, at *23 (6th Cir. Aug. 30, 2000). Finally, any such awards under 29 U.S.C. § 1132(g) are mandatory, although the award of attorneys' fees must be reasonable. *See*, *e.g.*, *id.*; *Bricklayers Pension Trust Fund v. Rosati, Inc.*, No. 98-1552, 1999 U.S. App. LEXIS 15678, at *5 (July 7, 1999); *In re Michigan Carpenters Council Health & Welfare Fund*, 933 F.2d 376, 388 (6th Cir. 1991).

In the case presently before the Court, plaintiffs submit evidence that Deer Creek has accumulated liquidated damages (or "late charges" or interest on delinquent contributions) and interest in the amount of $4,753.56 calculated to November 15, 2014, plus $7.57 per day thereafter, so long as the judgment remains unpaid. *Orrand Affidavit*, ¶¶ 4-6 (using a rate of 18 percent per annum); *Baker Affidavit*, ¶ 5. Plaintiffs also seek recovery of the $400.00 filing fee. *Motion for Summary Judgment*, p. 8 n.2.

Because Deer Creek has not responded to the *Motion for Summary Judgment*, the accuracy of all these amounts is uncontroverted and the Court therefore concludes that plaintiffs are entitled to judgment in these amounts.

Finally, although the *Motion for Summary Judgment* requests "injunctive relief as described above[,]" *id*. at 9, plaintiffs fail to articulate the injunctive relief sought. However, because plaintiffs are entitled to equitable relief, *see* 29 U.S.C. § 1132(g)(2)(E), the Court concludes that plaintiffs are entitled to the injunctive relief requested in the *Complaint. Complaint,* pp. 11-13.

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiffs' Motion for Summary Judgment*, ECF 20, be **GRANTED**. It is **SPECIFICALLY RECOMMENDED** that plaintiffs be awarded judgment as follows:

1. $15,342.10 in unpaid contributions from November 1, 2012 through April 30, 2013 pursuant to 29 U.S.C. § 1132(g)(2)(A);

2. $4,753.56 in interest, calculated to November 15, 2014, plus $7.57 per day thereafter, so long as the judgment remains unpaid pursuant to 29 U.S.C. § 1132(g)(2)(B);

3. $4,753.56 in liquidated damages, calculated to November 15, 2014, plus $7.57 per day thereafter, so long as the judgment remains unpaid pursuant to 29 U.S.C. § 1132(g)(2)(C);

4. Court costs in the amount of $400.00 pursuant to 29 U.S.C. § 1132(g)(2)(D);

5. Reasonable attorney's fees pursuant to 29 U.S.C. §1132(g)(2)(D); and

6. Injunctive relief pursuant to 29 U.S.C. § 1132(g)(2)(E), including a mandatory injunction directing Deer Creek to comply with its contribution and audit obligations under the various agreements as set forth in more detail in the *Complaint*, pp. 11-13.

It is **FURTHER RECOMMENDED** that plaintiffs be ordered to file a properly supported motion for attorney's fees within fourteen (14) days following a ruling on this *Report and Recommendation*.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

December 1, 2014            *s/Norah McCann King*
                                          Norah M$^c$Cann King
                                 United States Magistrate Judge